[Cite as *Sherwood v. Eberhardt*, 2019-Ohio-4623.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

MELVA SHERWOOD, et al.

    Appellees

    v.

LINDSEY EBERHARDT

    Appellant

C.A. Nos.    18CA011350
                 18CA011351

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10JG30837

DECISION AND JOURNAL ENTRY

Dated: November 12, 2019

---

HENSAL, Judge.

{¶1} Lindsey Eberhardt appeals from the judgment of the Lorain County Court of Common Pleas, Juvenile Division, granting Melva and Scott Sherwood's motion for relief from judgment under Civil Rule 60(B). James Barilla also appeals from the same judgment, and this Court has consolidated those appeals. This Court vacates the trial court's judgment, and remands the matter for further proceedings consistent with this decision.

I.

{¶2} This case has a long and complicated procedural history, much of which is not relevant to this Court's disposition of this appeal. Relevantly, in a prior consolidated appeal of three separate judgments, this Court stayed the appeal and remanded the matter for the trial court to rule on the Sherwoods' motion for relief from judgment under Rule 60(B). *See In re C.W.*, 9th Dist. Lorain Nos. 16CA011044, 17CA011162, 17CA011165, 2018-Ohio-5265, ¶ 18-19. While that appeal was on remand, the parties filed two additional appeals: C.A. No. 18CA011325 and

C.A. No. 18CA011286. Shortly thereafter, the trial court issued its judgment entry granting the Sherwoods' motion for relief from judgment on June 8, 2018. Ms. Eberhardt and Mr. Barilla now appeal from that judgment, raising a total of nine assignments of error. This Court will address some of the assignments of error together, and out of order.

II.

### MR. BARILLA'S ASSIGNMENT OF ERROR III

THE JUVENILE COURT ERRED WHEN IT RENDERED ITS JUNE 8, 2018 DECISION BECAUSE THE PENDING APPEALS AND PENDING PETITION FOR A WRIT OF PROHIBITION DIVESTED IT OF JURISDICTION.

### MS. EBERHARDT'S ASSIGNMENT OF ERROR III

THE JUVENILE COURT ERRED WHEN IT DID NOT DISMISS THE MOTION FOR RELIEF FROM JUDGMENT FOR LACK OF JURISDICTION. THEREFORE, THERE IS NO FINAL APPEALABLE ORDER BEFORE THIS COURT.

### MS. EBERHARDT'S ASSIGNMENT OF ERROR IV

THE JUVENILE COURT ERRED WHEN IT RENDERED ITS JUNE 8, 2018 DECISION BECAUSE THE PENDING APPEALS AND PENDING PETITION FOR WRIT OF PROHIBITION DIVESTED IT OF JURISDICTION.

{¶3} Mr. Barilla's third assignment of error challenges the trial court's jurisdiction to rule on the Sherwoods' motion for relief from judgment. Ms. Eberhardt's third and fourth assignments of error likewise challenge the trial court's jurisdiction to rule on the Sherwoods' motion, as well as this Court's jurisdiction to issue a decision on appeal.

{¶4} As previously noted, this Court stayed a consolidated appeal and remanded the matter for the trial court to rule on the Sherwoods' motion for relief from judgment under Rule 60(B). *See id.* at ¶ 18-19. While that consolidated appeal was on remand, the parties filed two additional appeals: C.A. No. 18CA011325 and C.A. No. 18CA011286. Shortly thereafter, the trial court issued its judgment entry granting the Sherwoods' motion for relief from judgment on

June 8, 2018. That same day, Mr. Barilla filed a petition for a writ of prohibition with this Court in C.A. No. 18CA011333. About three months later, this Court dismissed C.A. No. 18CA011325 for lack of a final, appealable order. Several months after that, this Court dismissed C.A. No. 18CA011333. Most recently, this Court issued its decision in C.A. No. 18CA011286.

{¶5} Once a case has been appealed, the trial court loses jurisdiction to take action that is inconsistent with the jurisdiction of the appellate court. *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 9. This is so even if the order appealed is not final and appealable. *See id*. at ¶ 10. In light of the matters pending before this Court when the trial court issued its June 8, 2018, judgment, the trial court lacked jurisdiction to enter that judgment. Accordingly, the June 8, 2018, judgment is void. *Freeland v. Pfeiffer*, 87 Ohio App.3d 55, 58 (9th Dist.1993) ("It is well settled that a judgment rendered by a court that lacks jurisdiction is void *ab initio*."). Mr. Barilla's third assignment of error is sustained on that basis. Ms. Eberhardt's third and fourth assignments of error are likewise sustained on that basis.

MR. BARILLA'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SUSTAINED THE MOTION FOR RELIEF FROM JUDGMENT WHEN THE MOVANT FAILED TO PRESENT PRIMA FACIE EVIDENCE SUPPORTING THEIR ALLEGATIONS OF FRAUD.

MR. BARILLA'S ASSIGNMENT OF ERROR II

THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT SUSTAINED THE 60(B) MOTION AND GRANTED RELIEF WITHOUT HOLDING A HEARING OR TAKING EVIDENCE.

MR. BARILLA'S ASSIGNMENT OF ERROR IV

THE JUVENILE COURT ERRED WHEN IT ORDERED DISCOVERY, IMPOSED SANCTIONS FOR VIOLATIONS OF ITS DISCOVERY ORDERS,

AND DENIED AN OPPORTUNITY TO CONTEST THE PROPRIETY OF THE DISCOVERY "ORDERS."

MS. EBERHARDT'S ASSIGNMENT OF ERROR I

THE JUVENILE COURT ERRED WHEN IT FAILED TO DISMISS AND IN SUSTAINING THE MOTION FOR RELIEF FROM JUDGMENT BECAUSE THE MOTION AND PROOF FAILED TO COMPLY WITH THE OHIO CIV.R. 60(B) ELEMENTS NECESSARY TO ESTABLISH FRAUD.

MS. EBERHARDT'S ASSIGNMENT OF ERROR II

THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT SUSTAINED THE 60(B) MOTION AND GRANTED RELIEF WITHOUT HOLDING A HEARING OR TAKING EVIDENCE.

MS. EBERHARDT'S ASSIGNMENT OF ERROR V

THE JUVENILE COURT ERRED WHEN IT ORDERED DISCOVERY, IMPOSED SANCTIONS FOR VIOLATIONS OF ITS DISCOVERY ORDERS, AND WHEN IT DENIED EBERHARDT AN OPPORTUNITY TO CONTEST THE PROPRIETY OF THE DISCOVERY "ORDERS."

{¶6} In light of this Court's disposition of the previous assignments of error, the remaining assignments of error are moot, and are overruled on that basis. *See* App.R. 12(A)(1)(c).

III.

{¶7} Mr. Barilla's third assignment of error is sustained. Ms. Eberhardt's third and fourth assignments of error are sustained. The remaining assignments of error are overruled as moot. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is vacated. This matter is remanded for further proceedings consistent with this decision.

Judgment vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellant.

JAMES V. BARILLA, Attorney at Law, pro se, Appellant.

BRENT ENGLISH, Attorney at Law, for Appellees.