[Cite as *Santomauro v. SUMSS Property Mgt., L.L.C.*, 2023-Ohio-280.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

MARSHA SANTOMAURO, et al.

    Appellees

    v.

SUMSS PROPERTY MANAGEMENT, LLC

    Appellant

C.A. No.    29948

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014 04 1948

DECISION AND JOURNAL ENTRY

Dated: January 31, 2023

TEODOSIO, Judge.

**{¶1}** Defendant-Appellant, SUMSS Property Management, LLC ("SUMSS"), appeals from the February 26, 2021 order of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** In 2004, Tony Mauro, aka Anthony Santomauro ("Father"), formed SUMSS, a family-owned property-management company. He kept a controlling interest in the company and split its remaining interest into sixths, giving a one-sixth interest to each of his six children. When Father passed away in 2014, his son Christopher Santomauro succeeded to the position of manager of SUMSS. Christopher and his brother, Craig Santomauro, also were appointed coexecutors of Father's estate. "The probate estate, which consists of cemetery plots, unspecified personal items, and a one-unit interest in SUMSS, remains open but its settlement is currently stayed." *Santomauro v. McLaughlin*, 168 Ohio St.3d 272, 2022-Ohio-2441, ¶ 3.

{¶3}    Plaintiff-Appellees, Marsha Santomauro and Lisa Madden, are two of Father's four daughters.  In April 2014, they filed a lawsuit in the Summit County Court of Common Pleas, seeking a judicial dissolution of SUMSS.  The suit named SUMSS as its only defendant and alleged that Christopher, as manager of SUMSS, had mismanaged the company and had breached his fiduciary duties.  SUMSS answered the complaint and filed a counterclaim against Lisa.  The counterclaim alleged Lisa, through her son, had formed an LLC that was operating under a trade name similar to SUMSS' trade name.  The counterclaim alleged Lisa was unlawfully using that trade name, engaging in unfair competition with SUMSS, and breaching her fiduciary duties.

{¶4}    The matter was set for trial on December 4, 2017, but the trial never occurred because settlement discussions ensued.  On December 6, 2017, the parties notified the court they had reached a settlement.  An attorney for SUMSS read the terms of the settlement agreement on the record in open court in the presence of the trial judge.  The parties indicated that same attorney would draft a proposed judgment entry to submit to the trial court for signature.

{¶5}    Shortly thereafter, SUMSS contested the existence of an enforceable settlement agreement and moved to have the case returned to the trial court's active docket.  The trial court ultimately held a hearing on March 13, 2018, at which it received evidence about the viability and enforceability of the settlement agreement.  Following the hearing, the trial court issued two noteworthy journal entries.  The first, issued March 28, 2018, denied SUMSS' motion to return the case to the active docket due to the trial court's conclusion that the parties had reached an enforceable settlement agreement.  The second, issued April 18, 2018, sought to memorialize the terms of the settlement agreement.

{¶6}    SUMSS appealed from the trial court's April 18th journal entry and challenged the enforceability of the settlement agreement on numerous grounds.  In *Santomauro v. SUMSS*

*Property Mgt., LLC*, 9th Dist. Summit Nos. 29032, 29217, 2019-Ohio-4335,[1] this Court rejected each of the company's arguments that the settlement agreement was unenforceable. *Id.* at ¶ 11-42. Yet, we also found the trial court had improperly altered the settlement agreement by adding certain terms and omitting others. *Id.* at ¶ 55. Based on that determination, this Court "reversed and remanded for the trial court to adopt a journal entry that accurately reflect[ed] the parties' settlement agreement as stated on the record on December 6, [2017]." *Id.* at ¶ 56.

{¶7} The case came before a different trial judge on remand, as the trial court judge who presided over the parties' in-court settlement discussions in December 2017 recused himself. Following our remand, the new trial judge issued a journal entry seeking to memorialize the terms of the settlement agreement. The entry, issued on February 26, 2021,[2] was divided into seven sections. The first section ordered SUMSS to transfer the deeds to 17 properties to LMMS Properties, LLC ("LMMS"), an entity formed by Marsha and Lisa. The second section ordered SUMSS to transfer the leases and security deposits for those same properties to LMMS. The third section ordered Marsha and Lisa to execute documents surrendering their interest in SUMSS. The fourth section ordered a mutual release of claims between Father's estate, its coexecutors (i.e., Christopher and Craig), Marsha, and Lisa. It called for Christopher and Craig, in their capacity as coexecutors, to execute documents releasing Marsha, Lisa, and the 17 properties from all claims

---

[1] Appellate Case No. 29032 ensued when SUMSS appealed the trial court's April 18th journal entry. Appellate Case No. 29217 stemmed from an appeal Lisa Madden filed after she unsuccessfully moved for attorney fees in the lower court. This Court consolidated the two appeals for purposes of its decision.

[2] The entry was delayed, in part, due to an intervening appeal. While SUMSS' appeal from the trial court's April 18, 2018 journal entry was pending with this Court, Marsha and Lisa moved the lower court to enforce portions of the settlement agreement. The lower court ruled in their favor, and SUMSS appealed from its order. This Court later dismissed that appeal, finding the trial court's order void due to it having been issued while the trial court lacked jurisdiction to take any action inconsistent with our jurisdiction on appeal. *See Santomauro v. SUMSS Property Mgt., LLC*, 9th Dist. Summit No. 29430 (July 24, 2020).

of the estate "and to cause the Estate of [Father], deceased to be closed." Likewise, it called for Marsha and Lisa to release certain claims against the estate and the coexecutors and to assign their rights to their siblings. The fifth section ordered a mutual release of claims between Marsha, Lisa, and Lisa's children and SUMSS, Christopher, Craig, and one of their sisters. The sixth section authorized the continued use of a trade name by Lisa's son, with certain restrictions. The seventh section ordered Christopher and Craig, in their capacity as coexecutors, to transfer certain items of personal property from Father's estate to Marsha and Lisa, as well as two burial lots. The trial court's seven-section entry is the subject of this appeal.

{¶8} While this matter was pending on appeal, Christopher and Craig filed complaints for writs of prohibition in the Ohio Supreme Court, challenging the trial court's order on grounds of subject matter jurisdiction and personal jurisdiction. Christopher asserted claims as an individual, as manager of SUMSS, and as coexecutor of Father's trust. Craig likewise asserted claims as an individual and as coexecutor of Father's trust. The Supreme Court allowed the claims the brothers asserted as coexecutors to proceed on alternative writs but dismissed their remaining claims. SUMSS then moved to stay this appeal pending the resolution of the alternative writs. This Court granted that motion and issued an order staying the appeal. *See Santomauro v. SUMSS Property Mgt., LLC*, 9th Dist. Summit No. 29948 (May 10, 2022).

{¶9} The Ohio Supreme Court consolidated Christopher's and Craig's complaints for purposes of its decision and issued a decision on July 19, 2022. In *Santomauro v. McLaughlin*, 168 Ohio St.3d 272, 2022-Ohio-2441, the Supreme Court found the trial court "patently and unambiguously lacked subject-matter jurisdiction to adopt the paragraphs of its order in which it directed Christopher and Craig to take actions as coexecutors." *Id.* at ¶ 2. The Supreme Court found "the power to direct and control the coexecutors' conduct [lay] exclusively within the

probate court's subject-matter jurisdiction, not the general division's." *Id.* at ¶ 20. Because the trial court exceeded its jurisdiction in sections four and seven of its order, the Supreme Court granted a limited writ of prohibition in the two actions before it and vacated those sections "insofar as they attempt to direct and control the coexecutors' conduct." *Id.* at ¶ 28.

{¶10} Following the Ohio Supreme Court's decision, this Court ordered the parties to file responses indicating how this appeal should proceed in light of the Supreme Court's decision. Both parties responded to this Court's order, and additional motions and responses were filed based upon motions filed in the probate court and an order issued in the court of common pleas. Upon review, this matter is hereby returned to the active docket. SUMSS' appeal is now before this Court and raises six assignments of error for review. For ease of analysis, we consolidate and rearrange several of the assignments of error.

II.

{¶11} Initially, we pause to address an argument raised by SUMSS by way of motion on appeal. SUMSS argues all orders issued by the court of common pleas in this matter, including the order on appeal, are "*void ab initio* as a matter of law * * *." That is because, while this matter was pending on appeal, the administrative judge of the court of common pleas issued an order transferring this case to the probate court. The matter came before the administrative judge for reassignment after the trial court judge recused herself. In the administrative judge's order, which SUMSS attached to its motion, the administrative judge found this matter to be "improperly venued" in the general division following her review of the pleadings. Accordingly, she ordered the matter transferred to the probate division.

{¶12} To the extent SUMSS suggests the order on appeal and others in this matter are void as a result of the administrative judge's order, we note that subject matter jurisdiction is

distinct from venue. *See Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus. Orders are not void solely on the grounds of improper venue. *State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 624-625 (1996). An order is void, however, if issued by a court lacking jurisdiction. *Ormandy v. Dudzinski*, 9th Dist. Lorain No. 09CA009713, 2010-Ohio-2017, ¶ 11. Once SUMSS filed its appeal in this Court, the common pleas court lost jurisdiction to take any action inconsistent with our jurisdiction. *Sherwood v. Eberhardt*, 9th Dist. Lorain Nos. 18CA011350, 18CA011351, 2019-Ohio-4623, ¶ 5. The order transferring venue to the probate court was inconsistent with our jurisdiction, as the resolution of any appeal may potentially result in a remand directive to the lower court. *See id.* Although this Court takes no position on the propriety of an order transferring jurisdiction to the probate court in the future, this case could not be transferred while this appeal was pending. Accordingly, we must conclude the administrative judge's order is void. Based on that conclusion, we reject SUMSS' argument that the administrative judge's order rendered the order on appeal void.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY INCLUDING TERMS AND PROVISIONS IN ITS FINAL ENTRY WITHOUT CONDUCTING AND (sic) INDEPENDENT INVESTIGATION OR TAKING JUDICIAL NOTICE OF THE ACTIONS OF THE JUDGE WHO PRESIDED OVER THE CASE OR OF THE APPELLATE COURT'S INSTRUCTIONS ON REMAND.

**ASSIGNMENT OF ERROR SIX**

THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW, AND VIOLATED THE DEFENDANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS, FAILED TO JOURNALIZE COURT DATES AND/OR ACTIVITY OR OUTCOME OF SAID COURT DATES, AND ADVISED THE PARTIES THAT THEY WOULD ADDRESS THE REMAND FROM THE APPELLATE COURT DECISION IN A STATUS HEARING AND HAVE AN OPPORTUNITY TO BRIEF THE ISSUE, THEN ISSUED A FINAL, APPEALABLE ORDER ON EVE OF THE STATUS HEARING, WITHOUT INFORMING THE PARTIES OR ALLOWING THE PARTIES NOTICE AND OPPORTUNITY TO BE HEARD.

**{¶13}** In its second assignment of error, SUMSS argues the trial court abused its discretion when it entered judgment on the parties' settlement without holding an evidentiary hearing on remand or expressly taking judicial notice of the former trial court judge's actions. In its sixth assignment of error, SUMSS argues it was denied due process when, following this Court's remand, the trial court issued a decision without affording SUMSS an opportunity to be heard. For the following reasons, we reject each of SUMSS' arguments.

**{¶14}** As previously noted, when this Court remanded this matter in *Santomauro v. SUMSS Property Mgt., LLC*, 9th Dist. Summit Nos. 29032, 29217, 2019-Ohio-4335, this case came before a different trial court judge. According to SUMSS, counsel for the parties met with the new trial court judge several times following our remand. SUMSS argues this Court contemplated further proceedings in its remand instructions, and the new trial court judge led the parties to believe they would have an opportunity to argue their positions at a status hearing. According to SUMSS, the trial court scheduled the status hearing via email but never issued an order to confirm the hearing was set. The trial court then issued its final order on the eve of the scheduled status hearing without affording the parties notice of its intention to rule. SUMSS argues the trial court abused its discretion when it failed to either expressly take judicial notice of the first judge's findings or conduct an independent hearing or inquiry into the facts of this case. SUMSS

further argues the trial court violated its due process rights when it gave SUMSS the impression SUMSS would have an opportunity to present its arguments at a hearing and then deprived it of that opportunity.

{¶15} This Court has held that, when a dispute arises as to the terms of a settlement agreement that was read into the record but not reduced to judgment, trial courts "'should [] conduct [] an evidentiary hearing to resolve the parties' dispute about the existence of an agreement or the meaning of its terms as read into the record at the hearing, before reducing the matter to judgment.'" *Cuyahoga Falls v. Wells*, 9th Dist. Summit No. 19959, 2001 WL 81260, *2 (Jan. 31, 2001), quoting *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 377 (1997). The record reflects the trial court held such a hearing on March 13, 2018, wherein both parties were provided the opportunity to present evidence and arguments as to the viability and enforceability of their in-court settlement agreement. Although a different trial judge presided over the case on remand, SUMSS has failed to set forth any authority for its argument that the new trial judge was required to either expressly take judicial notice of the prior proceedings or conduct a second hearing. *See* App.R. 16(A)(7). Even when a different trial judge is later assigned to preside over a matter, "'[i]t is well established that a trial court may take judicial notice of prior proceedings in the immediate case before it.'" *State v. Ross*, 9th Dist. Summit No. 26694, 2014-Ohio-2867, ¶ 47, quoting *State v. Brown*, 9th Dist. Summit No. 24119, 2008-Ohio-5846, ¶ 16. SUMSS has not explained why the trial court could not simply rely on the record before it in issuing its decision.

{¶16} A reading of this Court's decision in *Santomauro v. SUMSS Property Mgt., LLC*, 9th Dist. Summit Nos. 29032, 29217, 2019-Ohio-4335, belies the conclusion that we ordered the trial court to take any action on remand other than "to adopt a journal entry that accurately reflect[ed] the parties' settlement agreement as stated on the record * * *." *Id.* at ¶ 56. While the

trial court was free to effectuate our directive in any manner it saw fit, this Court never ordered the trial court to conduct any additional hearings or permit further argument. *See id.*

{¶17} To the extent SUMSS argues the trial court promised it an opportunity to be heard at a status hearing, SUMSS has failed to point to any record evidence in support of its position. The emails SUMSS cites in its brief are not part of the trial court record and were stricken from the appendix SUMSS filed along with its brief. *See Santomauro v. SUMSS Property Mgt., LLC*, 9th Dist. Summit No. 29948 (June 3, 2021). Because SUMSS has failed to show the trial court acted in contravention of this Court's remand directive or violated its due process rights by issuing an order in response to our remand, we reject its arguments to the contrary. SUMSS' second and sixth assignments of error are overruled.

## ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN FINDING THERE WAS AN ENFORCEABLE SETTLEMENT AGREEMENT BETWEEN THE PARTIES, ESPECIALLY SINCE ADDITIONAL, PREVIOUSLY ELIMINATED TERMS WERE TAKEN INTO CONSIDERATION BY THE COURT.

## ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN WHEN (sic) FINDING THERE WAS AN ENFORCEABLE SETTLEMENT AGREEMENT BETWEEN THE PARTIES WHEN THE PURPORTED AGREEMENT VIOLATED THE STATUTE OF FRAUDS[.]

{¶18} In its first and third assignments of error, SUMSS challenges the enforceability of the settlement agreement on various grounds and argues the trial court erred when it entered judgment on an unenforceable agreement. SUMSS argues: (1) there was no meeting of the minds between the parties to form a binding agreement on December 6, 2017; and (2) any oral agreement

was not enforceable because aspects of the agreement violated the statute of frauds. This Court addresses each argument in turn.

Meeting of the Minds

**{¶19}** SUMSS argues the parties never reached a valid settlement agreement on December 6, 2017, because there was never a meeting of the minds. It argues certain terms were left undefined at the conclusion of the December 6th hearing, and the trial court never questioned anyone other than Marsha and Lisa to see whether they assented to the agreement. It further argues Marsha's and Lisa's attorneys repeatedly added additional terms onto the purported agreement during the hearing, causing the trial court to ask whether there was, in fact, an agreement. Because the terms of the agreement were uncertain and not everyone assented to it, SUMSS argues, there was no enforceable agreement.

**{¶20}** Upon review, this Court concludes SUMSS' argument is barred by res judicata. "The doctrine of res judicata bars any claims between the parties that were either litigated or could have been litigated in a prior proceeding." *C.K. v. D.K.*, 9th Dist. Lorain No. 21CA011733, 2022-Ohio-647, ¶ 22. It encompasses "the concepts of both claim preclusion and issue preclusion." *Hall v. Zimmerman*, 9th Dist. Lorain No. 20CA011639, 2021-Ohio-270, ¶ 14. The doctrine "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a [litigant] has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18.

**{¶21}** In the prior appeal in this matter, SUMSS argued the in-court settlement agreement the parties purportedly reached on December 6, 2017, was unenforceable because there was no meeting of the minds. *Santomauro*, 2019-Ohio-4335, at ¶ 26, 28-31. SUMSS took the position that undefined and undecided terms, including terms added "at the last minute[,]" evidenced a lack

of intent on the part of the parties to be bound by an agreement. *Id.* at ¶ 31-35. Yet, this Court specifically rejected its arguments. This Court found the "[t]he record contain[ed] sufficient evidence to support the trial court's conclusion that the parties intended to be bound by the agreement." *Id.* at ¶ 38. SUMSS cannot relitigate that issue. *See C.K.* at ¶ 22. Nor may it obtain review of any additional issues it could have raised during the first appeal, such as the trial court's alleged failure to ask everyone whether they assented to the agreement. *See id.* Each of the foregoing arguments are barred by res judicata. Accordingly, this Court rejects them.

Statue of Frauds

**{¶22}** Next, SUMSS argues the settlement agreement is unenforceable because it violates the statute of frauds. It notes the agreement called for the transfer of ownership of both real property and property interests in cemetery plots. Because property transfers must be reduced to writing and signed to be enforceable, SUMSS argues, the purported oral settlement agreement could not be binding without a formal written agreement executed by the parties.

**{¶23}** To the extent the trial court ordered the transfer of cemetery plots as a term of the settlement agreement, the Ohio Supreme Court specifically vacated that portion of the trial court's judgment. *Santomauro*, 168 Ohio St.3d 272, 2022-Ohio-2441, at ¶ 20, 25, 28. Any argument SUMSS has presented regarding the cemetery plots is moot, so we decline to address it. *See* App.R. 12(A)(1)(c).

**{¶24}** To the extent SUMSS otherwise argues the settlement agreement violates the statute of frauds, we once again conclude its argument is barred by res judicata. In the prior appeal in this matter, SUMSS argued the settlement agreement was unenforceable under the statute of frauds. *Santomauro*, 2019-Ohio-4335, at ¶ 27. This Court rejected its argument, finding SUMSS had failed to preserve a statute of frauds argument in the lower court. *Id.* SUMSS cannot relitigate

this issue. *See C.K.*, 2022-Ohio-647, at ¶ 22. Because its argument is barred by res judicata, we decline to address it. SUMSS' first and third assignments of error are overruled.

**ASSIGNMENT OF ERROR FIVE**

> THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT INCLUDED PARTIES AND MATTERS OVER WHICH THE COURT HAS NO PERSONAL AND/OR SUBJECT MATTER JURISDICTION IN ITS FINAL ORDER, WHICH CANNOT CONSTITUTE A MEETING OF THE MINDS WHEN THOSE PARTIES AND THE RELIEF PROVIDED BY THOSE PARTIES ARE NOT IN THE JURISDICTION OF THE COURT.

**{¶25}** In its fifth assignment of error, SUMSS argues the trial court erred when it entered judgment on a settlement agreement that bound nonparties over whom the trial court lacked jurisdiction. Specifically, SUMSS argues the settlement agreement is void insofar as it contains mandates pertaining to (1) Christopher and Craig as coexecutors of Father's estate; and (2) Christopher, Craig, and their sister, Andrea Renee Cowan, as individuals.

**{¶26}** To the extent the trial court ordered Christopher and Craig to perform any actions in their capacity as executors of Father's estate, the Ohio Supreme Court specifically vacated those portions of the trial court's judgment. *Santomauro*, 168 Ohio St.3d 272, 2022-Ohio-2441, at ¶ 20, 25, 28. Any argument SUMSS has presented regarding the trial court's jurisdiction to direct or control the conduct of Christopher and Craig as coexecutors is moot, so we decline to address it. *See* App.R. 12(A)(1)(c).

**{¶27}** Regarding the trial court's authority to bind Christopher, Craig, and Andrea Renee to the settlement agreement in their individual capacities, SUMSS argues the trial court lacked personal jurisdiction over those individuals because they were nonparties to the litigation. According to SUMSS, a person who is not a party to a contract cannot manifest an intent to be

bound by it. Because the trial court did not have personal jurisdiction over Christopher, Craig, and Andrea Renee, SUMSS argues, its order is void.

{¶28} The only portion of the trial court's order that addressed Christopher, Craig, and Andrea Renee in their individual capacities was the fifth section of the order, governing mutual releases. The trial court ordered the release of any personal claims Marsha, Lisa, or Lisa's children might have against SUMSS, Christopher, Craig, and Andrea Renee as well as any personal claims SUMSS, Christopher, Craig, and Andrea Renee might have against Marsha, Lisa, or Lisa's children. The court's order also provided that, if one or more of those individuals failed to execute their release in favor of the others, that individual would not be entitled to a release of any personal claims against them.

{¶29} Notably, SUMSS specifically challenged the trial court's ability to bind nonparties to the settlement agreement in its prior appeal. *See Santomauro*, 2019-Ohio-4335, at ¶ 39-42. This Court rejected that argument. *Id.* at ¶ 40. SUMSS has made no attempt to explain why the error it has assigned on appeal is not barred by res judicata.[3] *See C.K.*, 2022-Ohio-647, at ¶ 22. Nor has it addressed the propriety of its attempt to argue the legal interests of third parties. *See In re Shepard*, 4th Dist. Highland No. 00CA12, 2001 WL 802209, *4 (Mar. 26, 2001) ("Personal jurisdiction must be challenged by someone with standing * * *."). *See also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985) ("One * * * prudential limit[] on

---

[3] SUMSS has argued that the trial court added language to the settlement agreement that was not included on the record during the December 6, 2017 hearing. Specifically, SUMSS contends there was never any agreement that anyone would forfeit the releases they received from others if they failed to execute their own releases. Because the foregoing argument serves as a basis for SUMSS' fourth assignment of error, this Court will address it strictly in the context of that assignment of error. *See* Discussion of Assignment of Error Four, *supra*.

standing is that a litigant must normally assert his own legal interests rather than those of third parties."). Because SUMSS has not shown that its argument is properly before us, this Court must conclude that it lacks merit. SUMSS' fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT INCLUDED ADDITIONAL LANGUAGE AND PARTIES IN ITS FINAL AND APPEALABLE ORDER WHICH WAS NOT A PART OF THE DECEMBER 6, 2017 RECORD.

{¶30} In its fourth assignment of error, SUMSS argues the trial court abused its discretion when it added certain terms to the settlement agreement on remand. According to SUMSS, there was no meeting of the minds as to those terms. For the following reasons, we reject its argument.

{¶31} "A meeting of the minds as to the essential terms of [a] contract is a requirement to enforcing the contract." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 16. "In the event that incidental terms or details are not concluded in the agreement, they can be resolved later—judicially or by agreement—but their omission does not render the agreement unenforceable." *Santomauro*, 2019-Ohio-4335, at ¶ 33. "When parties reach a settlement agreement in open court and preserve it by reading it into the record, the trial court may approve a journal entry that accurately reflects the terms of the agreement and adopt the agreement as the court's judgment." (Emphasis omitted.) *Id.* at ¶ 45. "Whether a meeting of the minds has occurred as to the essential terms of a contract is a question of fact to be determined from all the relevant facts and circumstances." *Id.* at ¶ 33.

{¶32} SUMSS argues the trial court departed from any settlement agreement the parties reached on December 6, 2017, in two respects. First, SUMSS argues the trial court erred when it ordered SUMSS to transfer the 17 properties at issue in the agreement, the leases for those properties, and the security deposits for those properties to LMMS. SUMSS argues LMMS was

never made a party to the case and was never discussed during settlement negotiations. SUMSS claims the trial court's order "aided [Marsha and Lisa] in their quest to transfer the properties to a third [party] free and clear of any claims and encumbrances."

{¶33} Second, SUMSS argues the trial court erred when it added additional terms to the fifth section of its order, governing mutual releases. The trial court ordered the release of any personal claims Marsha, Lisa, or Lisa's children might have against SUMSS, Christopher, Craig, and Andrea Renee as well as any personal claims SUMSS, Christopher, Craig, and Andrea Renee might have against Marsha, Lisa, or Lisa's children. The court's order also provided:

> It is the further Order of this Court that, if one or more of the parties identified above is unwilling or refuses to execute a release in favor of others, such party shall not be entitled to be released from claims that other parties may have against that person or those persons who may refuse to execute a release.

According to SUMSS, this quoted language was "arbitrarily added" by the trial court, as the parties never agreed to it during their settlement negotiations.

{¶34} Regarding SUMSS' argument that the trial court departed from the settlement agreement by ordering properties, leases, and security deposits transferred to LMMS, the record reflects the following. At the December 6, 2017 hearing, the attorney for SUMSS indicated SUMSS would sign and transfer all titles, leases, and security deposits for the 17 properties at issue to Marsha and Lisa. Marsha's attorney later addressed the court regarding the transfers, and the following discussion ensued:

> [MARSHA'S ATTORNEY]: One additional item, Your Honor. I think [the attorney for SUMSS] mentioned that the properties would be going to Lisa and Marsha. And it should -- we should say, 'Or [their] assigned,' because they could well create a new entity to have them transferred into.
>
> THE COURT: Sure. You okay with that?
>
> [SUMSS' ATTORNEY]: Yeah, that's fine, *whoever they want to transfer to.*
>
> THE COURT: Okay.

[SUMSS' ATTORNEY]: Okay.

(Emphasis added). SUMSS, therefore, specifically condoned the transfer of the properties to a new entity created by Marsha and Lisa.

{¶35} The record reflects Marsha and Lisa created LMMS for the purpose of receiving the transfer of the titles, leases, and security deposits at issue. Because SUMSS condoned the transfer of the properties to such an entity, we cannot conclude the trial court departed from the settlement agreement the parties reached in open court when it ordered the properties, their leases, and their security deposits transferred to LMMS. *See Santomauro*, 2019-Ohio-4335, at ¶ 45. This Court rejects SUMSS' argument to the contrary.

{¶36} This Court likewise rejects SUMSS' argument that the trial court departed from the parties' settlement agreement when it included certain language in the mutual release section of its order. At the December 6, 2017 hearing, the parties repeatedly agreed that all releases executed pursuant to their settlement agreement were mutual releases. The following relevant discussion ensued:

[LISA'S ATTORNEY]: One additional item.

THE COURT: Sure.

[LISA'S ATTORNEY]: All releases are mutual, so…

[SUMSS' ATTORNEY]: That -- yes.

 [LISA'S ATTORNEY]: *As to anybody who signs*, they would get a release from all the other parties.

THE COURT: Sure.

[LISA'S ATTORNEY]: So if Lisa signs, she also gets a release from SUMSS and everyone else. All releases are mutual.

[SUMSS' ATTORNEY]: That's agreeable.

THE COURT: All releases are mutual.

(Emphasis added.) The parties, therefore, agreed all releases would be mutual so long as the individual at issue had signed onto the agreement to release others. SUMSS has not shown the trial court "arbitrarily added" language regarding this mutual release provision. The trial court's order that any party who had not executed a release in favor of others would not be entitled to a mutual release was an accurate reflection of the settlement agreement, as read into the record at the December 6, 2017 hearing. Accordingly, SUMSS' fourth assignment of error is overruled.

III.

**{¶37}** SUMSS' assignments of error are overruled, except to the extent that portions of those assignments of error are moot due to the Ohio Supreme Court's decision in *Santomauro v. McLaughlin*, 168 Ohio St.3d 272, 2022-Ohio-2441. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

SUTTON, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶38} I respectfully dissent as I would grant a stay of this Court's proceedings pending action by the probate court in this matter.

{¶39} After the Ohio Supreme Court granted a limited writ of prohibition vacating sections IV and VII of the trial court's judgment entry, this Court ordered the parties to file briefs regarding how this appeal should proceed in light of the Supreme Court's decision. Unsurprisingly, the parties responded with differing proposals. SUMSS argued that this Court should declare the underlying settlement agreement void or at least allow the parties to completely rebrief and reargue the appeal. Marsha and Lisa argued that this Court should grant a stay of proceedings to allow the probate court to take action on the motion to enforce sections IV and VII of the entry.

{¶40} The majority rejects both proposals and takes the position that the general division of the common pleas court did not have jurisdiction to transfer the case to the probate division and, therefore, its order is void. I disagree.

{¶41} The only thing clear about this case is that it is not clear. The procedural posture has become incredibly murky and convoluted. It is very unusual for the Ohio Supreme Court to grant a writ of prohibition while a case is pending on appeal.

{¶42} Although I agree with the majority that ordinarily a common pleas court loses jurisdiction to take any action inconsistent with this Court's jurisdiction, the trial court here regained jurisdiction from the Ohio Supreme Court to effectuate its writ. In the Supreme Court's actual "In Prohibition Entry" and "Limited Writ of Prohibition[,]" the high court specifically commanded the trial judge "immediately upon the receipt of this limited writ, [to] comply with the order of the court as stated."

{¶43} Under these circumstances I cannot say the trial court's order transferring the case to the probate division was void. Therefore, I agree with Marsha and Lisa's position that this Court should grant a stay pending action by the probate court.

APPEARANCES:

R. SCOTT HEASLEY and AMILY A. IMBROGNO, Attorneys at Law, for Appellant.

ORVILLE L. REED, III and DAVID W. HILKERT, Attorneys at Law, for Appellee.

ROBERT C. MEEKER and COLIN G. MEEKER, Attorneys at Law, for Appellee.