[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Stat ex rel. Sponaugle v. Hein,* Slip Opinion No. 2018-Ohio-3155.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3155

THE STATE EX REL. SPONAUGLE, APPELLANT, *v*. HEIN, JUDGE, APPELLEE, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Stat ex rel. Sponaugle v. Hein,* Slip Opinion No. 2018-Ohio-3155.]

*Procedendo—Prohibition—Court of appeals correctly dismissed procedendo claim because appellant sought to undo a court order, not to compel judge to issue a ruling—Appellant not entitled to writ of prohibition because he had an adequate remedy at law by way of appeal—Court of appeals' judgment affirmed.*

(No. 2017-0607—Submitted February 13, 2018—Decided August 9, 2018.)

APPEAL from the Court of Appeals for Darke County,

No. 16 CA 00007, 2017-Ohio-1210.

_____

**Per Curiam.**

{¶ 1} Appellant, Steven Sponaugle, appeals the judgment of the Second District Court of Appeals denying his complaint for writs of prohibition and procedendo against appellee, Darke County Court of Common Pleas Judge Jonathan P. Hein. For the reasons set forth below, we affirm the judgment of the court of appeals.

## Background

### *The foreclosure action*

{¶ 2} Sponaugle and his wife, Karen Sponaugle, were the defendants in *Farmers State Bank v. Sponaugle*, Darke C.P. No. 13-CV-00610, a residential foreclosure action assigned to Judge Hein. On January 12, 2016, Judge Hein issued a "Judgment Entry – Decree of Foreclosure." Sponaugle timely appealed the foreclosure decree to the Second District Court of Appeals.

{¶ 3} While the appeal was pending, the Sponaugles filed a Civ.R. 62 motion for a stay of execution. Judge Hein granted the motion, subject to the Sponaugles' posting a supersedeas bond. The Sponaugles failed to post the bond, so no stay went into effect.

{¶ 4} On February 26, 2016, Farmers State Bank purchased the property at a sheriff's sale. On March 10, after the auction but before confirmation of the sale, the court of appeals issued a show-cause order, questioning whether the judgment entry was a final, appealable order. Based on the show-cause order, the Sponaugles filed a motion asking Judge Hein to vacate the foreclosure sale.

{¶ 5} On April 18, 2016, the court of appeals dismissed the Sponaugles' appeal for lack of a final, appealable order. *Farmers State Bank v. Sponaugle*, 2d Dist. Darke No. 16 CA 000002. The court of appeals held that the foreclosure judgment was not final because it did not determine the amounts due on all liens.

{¶ 6} Three days later, on April 21, Judge Hein issued a judgment entry granting Farmers State Bank's motion for confirmation of the sale and denying the

Sponaugles' motion to vacate the sale. In a separate entry, dated the same day, Judge Hein issued an order confirming the sale and ordering distribution of the proceeds.

{¶ 7} The Sponaugles appealed the confirmation order and filed a motion in the trial court for a stay pending appeal. Judge Hein denied the stay motion on July 11, 2016. On the same day, Farmers State Bank submitted a praecipe to the clerk of courts requesting that a writ of possession be issued to the county sheriff. The clerk of courts issued the writ, and the sheriff executed it, thereby removing the Sponaugles from the property.

*The prohibition action*

{¶ 8} Based on these facts, Sponaugle filed a complaint in the Second District Court of Appeals, seeking writs of prohibition and procedendo against Judge Hein, Darke County Clerk of Courts Cindy Pike, and Darke County Sheriff Toby L. Spencer. Sponaugle later voluntarily dismissed his claims against Pike and Sheriff Spencer.

{¶ 9} On March 23, 2017, the court of appeals issued a decision and judgment entry sua sponte dismissing the procedendo claim for failure to state a claim. In the same decision, the court of appeals granted Judge Hein's motion to dismiss the prohibition claim on the grounds that Judge Hein did not patently and obviously lack jurisdiction to proceed in the foreclosure case and that Sponaugle had an adequate remedy in the ordinary course of law by way of appeal. The court denied Sponaugle's motion for summary judgment and denied Judge Hein's cross-motion for summary judgment as moot.

{¶ 10} On May 5, 2017, Sponaugle appealed to this court.

*Appeal from the confirmation order*

{¶ 11} On June 16, 2017, while Sponaugle's appeal in the prohibition action was being briefed in this court, the court of appeals issued its decision in the Sponaugles' appeal from the confirmation order. *Farmers State Bank v. Sponaugle*,

2017-Ohio-4322, 92 N.E.3d 355. The court of appeals "conclude[d] that the trial court erred when, in the absence of a final appealable decree of foreclosure, it denied the Sponaugles' motion to vacate the February 26 sale and confirmed the sale of the Sponaugles' property." *Id.* at ¶ 31. It remanded the case to the trial court with instructions to vacate the confirmation of sale and order that the deed be returned to the Sponaugles. *Id.* at ¶ 33. The bank appealed, and on February 28, 2018, this court accepted jurisdiction over two propositions of law. *Farmers State Bank v. Sponaugle*, 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 878.

*The parties' briefs in this action*

**{¶ 12}** The court of appeals' June 2017 decision raised the prospect that Sponaugle's prohibition claim before this court had become moot. In his merit brief, Sponaugle specifically argues that that decision did not obviate his need for a writ of prohibition. He notes that enforcing the mandate would be difficult:

> At this point, although the Court of Appeals ordered that the "deed be returned" to Mr. Sponaugle, it is unclear how Judge Hein will accomplish that task without jurisdiction over the third-party purchaser. Mr. Sponaugle is left with the prospect of litigating his right to title to and possession of real estate that the Court of Appeals has declared is his.

**{¶ 13}** In response, Judge Hein argues that Sponaugle lacks standing and that a writ of prohibition should not issue because the judge does in fact have jurisdiction over the foreclosure case. But Judge Hein does not mention the court of appeals' June 2017 decision, much less consider its impact on this case.

**{¶ 14}** In his reply brief, Sponaugle indicates that the Second District has issued another decision in the appeal from the confirmation order, upon a motion for reconsideration. As Sponaugle explains, the court of appeals, recognizing the

problem caused by the subsequent sale of the property, has amended its order of relief:

> In its application for reconsideration, The Farmers State Bank indicates that it conveyed the property on October 3, 2016, to third parties. * * * Neither party informed us of this conveyance at oral argument.
>
> We recognize the legal quagmire that the parties and the trial court now face, particularly due to the October 2016 sale of the property. However, we find no obvious error in our ruling, based on the information that was before us when we rendered our Opinion and Judgment.
>
> Nevertheless, we find our remand language in paragraph 33 to be imprecise and that additional instruction is warranted. Accordingly, we modify paragraph 33 of our Opinion to read:
>
>> The trial court's judgment confirming the sale will be reversed, and the matter will be remanded for further proceedings. On remand, the trial court is instructed to vacate the confirmation of sale and, upon the entry of a final appealable judgment and decree of foreclosure, the trial court may again order the sale of the property. The trial court may determine the possessory interests of the parties pending the entry of a final appealable order, the sale of the property, and a new confirmation of sale.

*Farmers State Bank v. Sponaugle*, 2d Dist. Darke No. 2016-CA-4, 2017-Ohio-7744, 2017 WL 4220068, *4-5.

**{¶ 15}** Sponaugle attached to his reply brief two additional filings from the foreclosure case. On September 7, 2017, Judge Hein issued an order on his own motion to preserve the status quo by declaring that ownership and occupancy of the real estate "shall remain with the recent purchasers, Scott Stastny and Brandi Stastny," to the exclusion of all others. And on September 11, he issued a notice that he would wait to rule on all pending motions "until a more appropriate time vis a vis appellate procedures."

**{¶ 16}** Along with his reply brief, Sponaugle also filed a motion for oral argument.

**Analysis**

**{¶ 17}** Sponaugle seeks two forms of relief: a writ of procedendo and a writ of prohibition.

*Procedendo*

**{¶ 18}** In his complaint, Sponaugle identified Judge Hein by name in only one portion of his prayer for relief: he asked for a writ of procedendo directing Judge Hein to vacate the April 21, 2016 confirmation order. The court of appeals correctly dismissed the procedendo claim as seeking the wrong form of relief. "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65, 671 N.E.2d 24 (1996). In this case, procedendo is inappropriate because Sponaugle seeks to undo a court order, not to compel Judge Hein to issue a ruling. *See, e.g.*, *State ex rel. Utley v. Abruzzo*, 17 Ohio St.3d 203, 204, 478 N.E.2d 789 (1985) (noting that a writ of procedendo will issue to compel the issuance of a judgment but not to direct what the judgment should be). We affirm the dismissal of the procedendo claim.

*Prohibition*

{¶ 19} The complaint also requested a writ of prohibition to bar all three original respondents from (1) "taking any action to execute on" the January 12, 2016 judgment entry of foreclosure, (2) "taking any action to enforce" the confirmation order, and (3) "taking any action in furtherance of" the writ of possession.

{¶ 20} Sponaugle did not clearly request a writ of prohibition to vacate the confirmation order. But even if he had sought to undo the confirmation order through a writ of prohibition, that request would be moot, because the court of appeals has already vacated the confirmation order. *See State ex rel. Consumers' Counsel v. Pub. Util. Comm.*, 102 Ohio St.3d 301, 2004-Ohio-2894, 809 N.E.2d 1146, ¶ 12 (holding that a suit to prevent the Public Utilities Commission from granting applications for rehearing became moot when the commission denied the applications).

{¶ 21} Notwithstanding the decisions of the court of appeals, Sponaugle contends that a live controversy continues to exist because he remains dispossessed from his home. Assuming this to be true, however, we hold that he has failed to state a claim in prohibition.

{¶ 22} Sponaugle cannot attack the writ of possession directly through a prohibition claim because Judge Hein did not issue the writ of possession, and a sheriff who executes such a writ is not exercising judicial authority. *See Novak v. McFaul*, 8th Dist. Cuyahoga No. 77132, 1999 WL 1000698, *2 (Oct. 26, 1999) ("Issuing an eviction notice or effecting a writ of possession is an administrative act and not a judicial act"). So instead, Sponaugle's present theory of the case is that the writ of possession was issued in reliance on the confirmation order and if Judge Hein lacked jurisdiction to confirm the sale, then he should be responsible for curing all the downstream harm caused thereby.

{¶ 23} In order for a writ of prohibition to issue against Judge Hein, Sponaugle must demonstrate that Judge Hein has exercised judicial power or is about to do so, that he lacks authority to exercise that power, and that denying the writ would result in injury for which no adequate remedy exists in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. However, if Judge Hein patently and unambiguously lacks jurisdiction, then Sponaugle need not satisfy the third requirement, the lack of an adequate remedy at law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

{¶ 24} Typically, a court will deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of jurisdiction. *See, e.g.*, *Salloum v. Falkowski*, 151 Ohio St.3d 531, 2017-Ohio-8722, 90 N.E.3d 918, ¶ 10 (affirming denial of writ of prohibition when judge had jurisdiction to rule on motion to modify child-support order); *State ex rel. Estate of Hards v. Klammer*, 110 Ohio St.3d 104, 2006-Ohio-3670, 850 N.E.2d 1197, ¶ 14 (failure to assess costs under Civ.R. 54(D) was, at most, error in exercise of jurisdiction). Sponaugle contends that a writ of prohibition is nevertheless available against judges who have general subject-matter jurisdiction if they, within the exercise of that jurisdiction, issue orders that exceed their power.

{¶ 25} A writ of prohibition *is* proper even when the respondent judge has general jurisdiction when the judge has taken an action that exceeds the bounds of the court's statutory authority. For example, R.C. 2743.02(F) vests the common pleas court with jurisdiction to hear suits against state officials alleging that they acted outside the scope of their employment but only *after* such a suit is first filed in the Court of Claims for a determination as to the official's immunity. Because an immunity determination is a statutory prerequisite to the common pleas court's jurisdiction, we have held that the common pleas court's exercise of jurisdiction

8

over the merits of a suit against a state official was unauthorized by law until the Court of Claims made an immunity determination. *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas*, 60 Ohio St.3d 78, 79, 573 N.E.2d 606 (1991). Similarly, in *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 285 N.E.2d 22 (1972), the common pleas court was asked to appoint an arbitrator to enforce the terms of an arbitration agreement. But the dispute had already been heard by an arbitrator, and the agreement in question specified that the arbitrator's decision would be final. On those facts, we held that the common pleas court was "without jurisdiction to appoint a second arbitrator." *Id*. at 328.

{¶ 26} Most recently, we issued a writ of prohibition to block a common pleas court judge from taking any further action in a number of medical-malpractice cases that he had transferred from the dockets of other judges to his own, holding that he had transferred the cases in violation of the court rules governing case consolidation. *State ex rel. Durrani v. Ruehlman*, 147 Ohio St.3d 478, 2016-Ohio-7740, 67 N.E.3d 769. We held that the judge lacked jurisdiction to consolidate the cases because under the rules governing transfer and consolidation of cases, the administrative judge had exclusive authority to order transfers, the cases had to be transferred to the judge to whom the case with the lowest case number had been assigned, and the mandatory preconsolidation hearing had not been held. *Id*. at ¶ 17-26.

{¶ 27} Sponaugle relies on *Sanquily*, *Adams*, and *Durrani* to support his entitlement to the writ. But for these precedents to be relevant, Sponaugle would have to demonstrate that the statute vesting the common pleas court with jurisdiction to issue a confirmation of sale, R.C. 2329.31, makes the existence of a final foreclosure order a *jurisdictional* prerequisite thereto.

{¶ 28} R.C. 2329.31(A) requires the court, upon the return of the writ of execution for any relevant sale, to order an entry on the journal confirming the sale "if the court of common pleas finds that the sale was made, in all respects, in

conformity with sections 2329.01 to 2329.61 of the Revised Code." The requirements of those sections include, for example, public notice prior to a sale (R.C. 2329.26 and 2329.27), a minimum sale price of two-thirds the amount of the appraised value (R.C. 2329.20), and the submission of identifying information by the purchaser (R.C. 2329.271). Although the statutes logically *assume* the existence of a final foreclosure entry, they do not impose upon the trial court an affirmative duty to confirm the existence of an order prior to entering the confirmation of sale. The precedents relied on by Sponaugle are therefore not relevant.

{¶ 29} Sponaugle has not demonstrated that Judge Hein patently and obviously lacked jurisdiction. When jurisdiction is not patently and obviously absent, " 'an appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ.' " *State ex rel. Evans v. McGrath*, 151 Ohio St.3d 529, 2017-Ohio-8707, 90 N.E.3d 916, ¶ 7, quoting *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8. Sponaugle contends that appeal was an inadequate remedy because the Sponaugles' appeal afforded them incomplete relief: the court of appeals could not restore the property because it did not have jurisdiction over the purchasers. But if the rights of the third-party purchasers were an impediment to the court of appeals restoring the house, they remain just as much an obstacle to complete relief in this court.

{¶ 30} Sponaugle is not entitled to a writ of prohibition because he had an adequate remedy at law.

*The motion for oral argument*

{¶ 31} We have discretion to grant oral argument, and in exercising that discretion, we will consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15. Oral argument is not

10

warranted here because most of the case is moot and the issues presented all turn on familiar principles of prohibition. Moreover, given that Judge Hein is refraining from taking any steps to comply with the orders of the court of appeals until this case is resolved, we believe that additional delay for oral argument would be a disservice to all the parties. We therefore deny the motion.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Andrew M. Engel Co., L.P.A., and Andrew M. Engel, for appellant.

R. Kelly Ormsby III, Darke County Prosecuting Attorney, and Margaret B. Hayes, Assistant Prosecuting Attorney, for appellee.

_____