[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jones v. Paschke*, Slip Opinion No. 2022-Ohio-2427.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2427

THE STATE EX REL. JONES, APPELLANT, *v.* PASCHKE, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jones v. Paschke*, Slip Opinion No. 2022-Ohio-2427.]

*Prohibition—A petitioner's claim that a judge has failed to comply with Civ.R. 53 challenges the judge's exercise of jurisdiction, not the trial court's subject-matter jurisdiction, and is not a proper basis for extraordinary relief in prohibition—Judgment affirmed.*

(No. 2021-1189—Submitted May 24, 2022—Decided July 19, 2022.)

APPEAL from the Court of Appeals for Geauga County, No. 2021-G-0013, 2021-Ohio-2889.

_____

**Per Curiam.**

{¶ 1} Appellant, Jeremy J. Jones, appeals the Eleventh District Court of Appeals' dismissal of his petition for a writ of prohibition against appellee, Geauga County Court of Common Pleas Judge Carolyn J. Paschke. Because Jones

complains of error in Judge Paschke's exercise of jurisdiction, not a lack of subject-matter jurisdiction, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Jones is a defendant in *Jones v. Jones*, Geauga C.P. No. 19DC000752, a divorce case pending before Judge Paschke. A magistrate has presided over the case since September 2019. Jones alleges that Judge Paschke refuses to hear domestic-relations cases assigned to her and instead allows the magistrate "to act as a substitute for her authority."

{¶ 3} The gravamen of Jones's petition is that Judge Paschke's procedure for issuing orders in his divorce case violates Civ.R. 53. Specifically, Jones alleges that Judge Paschke regularly adopts the magistrate's rulings as entries of the court without a separate magistrate's order or decision having been issued. For example, Jones cites several judgment entries signed by both Judge Paschke and the magistrate. Jones contends that Judge Paschke has effectively removed the opportunity for him to object to the magistrate's rulings under Civ.R. 53.

{¶ 4} On June 3, 2021, Jones filed a petition in the Eleventh District Court of Appeals, seeking a writ of prohibition "directing and restraining [Judge Paschke] from 'rubber stamping' the ruling of [the magistrate] and issuing Entries in violation of Civ.R. 53." Judge Paschke filed a motion to dismiss the petition under Civ.R. 12(B)(6), which Jones opposed. The court of appeals granted Judge Paschke's motion and dismissed Jones's petition for failure to state a valid claim for relief. 2021-Ohio-2889. Jones timely appealed to this court as of right.

## ANALYSIS

{¶ 5} This court reviews de novo a lower court's dismissal of an extraordinary writ action under Civ.R. 12(B)(6). *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4. Dismissal of the petition is proper if it appears beyond doubt, after presuming the truth of all material factual allegations in the complaint and making

all reasonable inferences in his favor, that Jones is not entitled to extraordinary relief in prohibition. *See State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 8.

{¶ 6} To be entitled to a writ of prohibition, Jones must establish that (1) Judge Paschke is about to exercise or has exercised judicial power, (2) Judge Paschke's exercise of that power is unauthorized by law, and (3) denial of the writ would result in injury for which no adequate remedy exists in the ordinary course of law. *See State ex rel. Shumaker v. Nichols*, 137 Ohio St.3d 391, 2013-Ohio-4732, 999 N.E.2d 630, ¶ 9. Jones need not satisfy the third element if Judge Paschke "patently and unambiguously" lacks jurisdiction, *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

{¶ 7} Jones argues that Judge Paschke's exercise of judicial power is unauthorized by law because certain procedures she employs in his divorce case do not comply with Civ.R. 53. He contends that Judge Paschke has effectively dispensed with the process outlined in Civ.R. 53 in favor of "rubber stamping" the magistrate's decisions. Jones's arguments, however, do not provide a proper basis for relief in prohibition.

{¶ 8} "Prohibition will generally lie only for an absence of subject-matter jurisdiction." *State ex rel. Nyamusevya v. Hawkins*, 165 Ohio St.3d 22, 2021-Ohio-1122, 175 N.E.3d 495, ¶ 16. This court ordinarily "will deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of jurisdiction." *State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089, ¶ 24. In this case, Jones does not challenge Judge Paschke's subject-matter jurisdiction: he asserts error in the *exercise* of jurisdiction, namely, that Judge Paschke fails to comply with Civ.R. 53 when she adopts the magistrate's orders as her own. Therefore, even if Judge Paschke's procedure, as alleged by Jones, is contrary to

what Civ.R. 53 requires, prohibition is not the proper remedy. *See State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 656, 646 N.E.2d 1110 (1995) ("the fact that [a judge] may have exercised * * * jurisdiction erroneously does not give rise to extraordinary relief by prohibition"). Noncompliance with Civ.R. 53 is a procedural irregularity that does not affect the trial court's subject-matter jurisdiction to hear the case. *See State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 71, 417 N.E.2d 1382 (1981) (trial court's failure to comply with Civ.R. 53 "renders the resulting judgment *voidable*, and not void" [emphasis sic]).

{¶ 9} We rejected a request for relief in prohibition in a case involving similar allegations. In *State ex rel. Nalls v. Russo*, 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, Nalls sought a writ of prohibition against a juvenile-court judge and magistrate, partly on the basis that a judgment entry in a dependency proceeding was signed by both the magistrate and the judge. Nalls contended that the judge and the magistrate "patently and unambiguously lack[ed] jurisdiction" because the entry was not a "separate magistrate's decision" as required under former Juv.R. 40(E)(1), which contained language identical to former Civ.R. 53(E)(1). *Nalls* at ¶ 25, 27, fn. 1. We affirmed the court of appeals' denial of relief in prohibition, finding no support for the argument that the error complained of was a jurisdictional defect and holding that "[p]rohibition will not issue as a substitute for appeal to review mere errors in judgment." *Id.* at ¶ 28.

{¶ 10} Jones argues, however, that he does not have an adequate remedy by way of appeal because none of the offending entries in his divorce case are final, appealable orders. And, Jones contends, an appeal following a final adjudication on the merits is not an adequate remedy "when the elected official assigned to his divorce proceedings, [Judge Paschke], has abdicated her role as the ultimate fact finder to the trial court Magistrate in violation of Civ.R. 53." Jones also contends that an appeal would be inadequate because Judge Paschke is depriving him of due process by violating Civ.R. 53. We are unpersuaded. Contrary to Jones's

4

contentions, all the errors that he has alleged can be corrected on appeal if they are, in fact, errors. When a trial court's error can be corrected on appeal, there is an adequate remedy in the ordinary course of law. *See State ex rel. Dailey v. Dawson*, 149 Ohio St.3d 685, 2017-Ohio-1350, 77 N.E.3d 937, ¶ 14. The extraordinary measure of issuing a writ of prohibition is not warranted in this case.

## CONCLUSION

{¶ 11} Jones's petition for a writ of prohibition is based on an alleged error in Judge Paschke's exercise of jurisdiction and not a lack of subject-matter jurisdiction. Accordingly, prohibition is not an appropriate remedy and the court of appeals properly dismissed Jones's petition under Civ.R. 12(B)(6).

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A. Cruz, for appellant.

James R. Flaiz, Geauga County Prosecuting Attorney, and Linda M. Applebaum, Assistant Prosecuting Attorney, for appellee.

_____