[Cite as *State ex rel. Ames v. Ondrey*, 2023-Ohio-510.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO ex rel.
BRIAN M. AMES,

Relator,

- vs -

HONORABLE
DAVID M. ONDREY,

Respondent.

**CASE NO. 2022-G-0044**

Original Action for Writ of Prohibition

---

**P E R   C U R I A M**
**O P I N I O N**

Decided: February 21, 2023
Judgment: Petition dismissed

---

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator).

*James R. Flaiz*, Geauga County Prosecutor, Courthouse Annex, 231 Main Street, Chardon, OH 44024 (For Respondent).


PER CURIAM.

{¶1} Relator, Brian M. Ames ("Mr. Ames"), filed a verified petition for a writ of prohibition against respondent, the Honorable David M. Ondrey ("Judge Ondrey"), to prevent Judge Ondrey from exercising jurisdiction in *Ames v. Geauga Cty. Republican Cent. Commt., et al.*, Geauga County Court of Common Pleas case no. 2022 M 000323.

{¶2} Judge Ondrey filed a motion to dismiss Mr. Ames' petition pursuant to Civ.R. 12(B)(6), which Mr. Ames opposed.

{¶3} We find that Mr. Ames' allegations do not provide a proper basis for relief in prohibition. Thus, we grant Judge Ondrey's motion to dismiss and dismiss Mr. Ames' petition.

## Factual and Procedural History

{¶4} In June 2022, Mr. Ames filed a civil complaint in the Geauga County Court of Common Pleas seeking declaratory judgment and injunctive relief against the Geauga County Republican Central Committee and its chair, Nancy B. McArthur (collectively, "the defendants"). The defendants filed a motion to dismiss, which Mr. Ames opposed. In September 2022, the trial court filed an order granting the defendants' motion to dismiss and dismissing Mr. Ames' complaint. Mr. Ames filed a notice of appeal (case no. 2022-G-0038).

{¶5} On October 13, 2022, the defendants filed a motion for fees, costs, and expenses pursuant to R.C. 2323.51, i.e., the frivolous conduct statute, which Mr. Ames opposed. On October 26, 2022, the trial court filed an order determining that Mr. Ames' complaint "constitutes frivolous action" and stating that it would schedule a hearing on the amount of reasonable attorney fees incurred by the defendants in defending Mr. Ames' lawsuit. The next day, the trial court scheduled the hearing for November 16, 2022.

{¶6} On October 31, 2022, Mr. Ames filed a notice of appeal (case no. 2022-G-0042). He also filed a notice indicating that he had served discovery requests on the defendants and an "objection" contending that the trial court made its frivolous conduct determination without due process.

{¶7} On November 7, 2022, Mr. Ames filed the instant petition requesting that this court issue a writ prohibiting Judge Ondrey from proceeding on the November 16,

2

2022 hearing. This court held a status conference and issued an alternative writ. Judge Ondrey filed a motion to dismiss pursuant to Civ.R. 12(B)(6), which Mr. Ames opposed.

**Standard of Review**

{¶8} Dismissal of petition for a writ of prohibition pursuant to Civ.R. 12(B)(6) is proper if it appears beyond doubt, after presuming the truth of all material factual allegations in the petition and making all reasonable inferences in the relator's favor, that the relator is not entitled to extraordinary relief in prohibition. *State ex rel. Jones v. Paschke*, 168 Ohio St.3 93, 2022-Ohio-2427, 195 N.E.3d 1031, ¶ 5.

**Law and Analysis**

{¶9} A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998). The purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. *Id.* As such, it is an extraordinary remedy which is customarily granted with caution and restraint and is issued only in cases of necessity arising from the inadequacy of other remedies. *Id.*

{¶10} To be entitled to a writ of prohibition, the relator must establish that (1) the respondent is about to exercise or has exercised judicial power, (2) the respondent's exercise of that power is unauthorized by law, and (3) denial of the writ would result in injury for which no adequate remedy exists in the ordinary course of law. *Jones* at ¶ 6.

{¶11} The relator need not satisfy the third element if the respondent "patently and unambiguously" lacks jurisdiction. *Id.* "Where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the

3

future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions." *State ex rel. Stern v. Mascio*, 81 Ohio St.3d 297, 298-299, 691 N.E.2d 253 (1998).

{¶12} Mr. Ames contends that Judge Ondrey was deprived of subject matter jurisdiction when he failed to "strictly comply" with the "procedural mandates" of R.C. 2323.51(B). Therefore, he contends, Judge Ondrey patently and unambiguously lacks subject matter jurisdiction to make an award for frivolous conduct pursuant to R.C. 2323.51(B)(1).

{¶13} Mr. Ames' allegations do not provide a proper basis for relief in prohibition. "Prohibition will generally lie only for an absence of subject-matter jurisdiction." *State ex rel. Nyamusevya v. Hawkins*, 165 Ohio St.3d 22, 2021-Ohio-1122, 175 N.E.3d 495, ¶ 16. A court ordinarily "will deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of jurisdiction." *State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018- Ohio-3155, 108 N.E.3d 1089, ¶ 24.

{¶14} In this case, Mr. Ames asserts error in Judge Ondrey's *exercise* of his jurisdiction; namely, that Judge Ondrey failed to comply with R.C. 2323.51(B). Even if Judge Ondrey erred procedurally, prohibition is not the proper remedy. *See Jones* at ¶ 8; *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 656, 646 N.E.2d 1110 (1995) ("the fact that [a judge] may have exercised * * * jurisdiction erroneously does not give rise to extraordinary relief by prohibition").

{¶15} Further, the errors that Mr. Ames alleges, in the event they are actually prejudicial errors, can be corrected on direct appeal following the issuance of a final order.

4

When a trial court's errors can be corrected on appeal, there is an adequate remedy in the ordinary course of law. *Jones* at ¶ 10; *State ex rel. Dailey v. Dawson*, 149 Ohio St.3d 685, 2017-Ohio-1350, 77 N.E.3d 937, ¶ 14.

{¶16} For the foregoing reasons, Judge Ondrey's motion to dismiss is granted, and Mr. Ames' petition for a writ of prohibition is dismissed.


JOHN J. EKLUND, P.J., MARY JANE TRAPP, J., MATT LYNCH, J., concur.