[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Ondrey*, Slip Opinion No. 2023-Ohio-4188.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-4188

THE STATE EX REL. AMES, APPELLANT, *v.* ONDREY, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Ondrey*, Slip Opinion No. 2023-Ohio-4188.]

*Prohibition—Appellant has adequate remedy in ordinary course of law, and judge did not patently and unambiguously exceed his jurisdiction in determining before holding statutorily required hearing that appellant had engaged in frivolous conduct—Court of appeals' dismissal of petition affirmed.*

(No. 2023-0254—Submitted October 11, 2023—Decided November 28, 2023.)

APPEAL from the Court of Appeals for Geauga County, No. 2022-G-0044, 2023-Ohio-510.

_____

**Per Curiam.**

{¶ 1} Appellant, Brian M. Ames, appeals the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of prohibition against appellee, Judge David M. Ondrey of the Geauga County Court of Common Pleas.

Ames brought his petition to bar Judge Ondrey from exercising jurisdiction over a hearing to determine the amount of reasonable attorney fees that Ames owed based on conduct he had committed that Judge Ondrey found frivolous. The court of appeals reasoned that prohibition did not lie, because Ames's petition alleged an error in Judge Ondrey's exercise of jurisdiction. We affirm.

## I. BACKGROUND

{¶ 2} Ames alleges that in July 2022, he filed an amended complaint against the Geauga County Republican Central Committee and its chair, Nancy B. McArthur (collectively, "the committee"), seeking a declaratory judgment and an injunction based on claims relating to the committee's alleged violations of Ohio's Open Meetings Act, R.C. 121.22. Judge Ondrey granted the committee's motion to dismiss, and Ames appealed. Ames represents, without objection from Judge Ondrey, that his appeal of Judge Ondrey's dismissal entry is still pending.

{¶ 3} The committee then filed a motion with Judge Ondrey seeking fees, costs, and expenses it had incurred in defending against Ames's lawsuit, which the committee characterized as frivolous under R.C. 2323.51. In response, Judge Ondrey issued an order determining that Ames had engaged in frivolous conduct by filing his complaint against the committee and that a hearing would be held on the committee's motion solely for the purpose of determining the amount of reasonable attorney fees that the committee had incurred in defending against Ames's lawsuit. Judge Ondrey later scheduled a hearing for November 16, 2022.

{¶ 4} On November 7, 2022, Ames filed an original action in the Eleventh District Court of Appeals seeking a writ of prohibition to prevent Judge Ondrey from conducting the hearing on the attorney-fees question. Judge Ondrey represents, without objection from Ames, that the hearing did not go forward as scheduled. And based on the record and the parties' submissions, it does not appear that a hearing has yet been held.

{¶ 5} The court of appeals granted Judge Ondrey's Civ.R. 12(B)(6) motion, rejecting Ames's contention that Judge Ondrey exceeded his subject-matter jurisdiction by failing to strictly comply with the procedures prescribed by R.C. 2323.51. Ames then filed this appeal.

## II. ANALYSIS

{¶ 6} This court reviews de novo a court of appeals' judgment dismissing a prohibition petition under Civ.R. 12(B)(6). *See State ex rel. Jones v. Paschke*, 168 Ohio St.3d 93, 2022-Ohio-2427, 195 N.E.3d 1031, ¶ 5. Dismissal is justified "if it appears beyond doubt, after presuming the truth of all material factual allegations in the petition and making all reasonable inferences in his favor, that [the relator] is not entitled to extraordinary relief in prohibition." *Id.* To be entitled to a writ of prohibition, Ames must establish that (1) Judge Ondrey is about to exercise or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) Ames lacks an adequate remedy in the ordinary course of the law. *Id.* at ¶ 6. Ames need not satisfy the third element if Judge Ondrey's lack of jurisdiction is patent and unambiguous. *Id.*

A. *Whether the court of appeals departed from the Civ.R. 12(B)(6) standard*

{¶ 7} As his first proposition of law, Ames argues that the court of appeals departed from the Civ.R. 12(B)(6) standard by failing to presume the truth of his allegations that (1) Judge Ondrey intended to exercise judicial power and (2) the exercise of that power would be unauthorized by law. But even assuming that a court must generally regard the first allegation as presumptively truthful when considering a Civ.R. 12(B)(6) motion to dismiss, Ames cites no authority holding that a court must always do so with respect to the second allegation. *See Jones* at ¶ 5 (the complaint's material factual allegations must be presumed truthful); *State ex rel. Martre v. Reed*, 161 Ohio St.3d 281, 2020-Ohio-4777, 162 N.E.3d 773, ¶ 12 ("unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss"). Moreover, as we explain

below, Judge Ondrey did not patently and unambiguously exceed his jurisdiction. Thus, even if we construed Ames's two allegations as presumptively truthful, he would not be entitled to the relief he seeks.

{¶ 8} We reject Ames's first proposition of law.

B. *Whether Judge Ondrey exceeded his subject-matter jurisdiction*

{¶ 9} Ames's second, third, and fourth propositions of law argue that Judge Ondrey exceeded his subject-matter jurisdiction by determining before holding a hearing as prescribed by R.C. 2323.51 that Ames had engaged in frivolous conduct.

{¶ 10} R.C. 2323.51(B)(1) generally provides that a court may award reasonable attorney fees to any party to a civil action who was adversely affected by frivolous conduct. But before the court may make the award, it must schedule a hearing, provide notice of the hearing, and conduct the hearing as prescribed by law. R.C. 2323.51(B)(2). The purpose of the hearing is "to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award." R.C. 2323.51(B)(2)(a).

{¶ 11} Even assuming that Judge Ondrey erred in making his frivolous-conduct finding before holding the statutorily required hearing, Judge Ondrey did not exceed his jurisdiction in doing so. "Prohibition will generally lie only for an absence of subject-matter jurisdiction." *State ex rel. Nyamusevya v. Hawkins*, 165 Ohio St.3d 22, 2021-Ohio-1122, 175 N.E.3d 495, ¶ 16. Thus, "a court will typically 'deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of that jurisdiction.' " *Santomauro v. McLaughlin*, 168 Ohio St.3d 272, 2022-Ohio-2441, 198 N.E.3d 87, ¶ 14, quoting *State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089, ¶ 24. "When this court has determined that a 'court of common pleas patently and unambiguously lacks jurisdiction, it is almost always because a statute explicitly removed that jurisdiction.' " *Id.*, quoting

*Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 9.

{¶ 12} Here, Ames does not argue that a court lacks jurisdiction after issuing a final, appealable order to determine whether a party committed frivolous conduct under R.C. 2323.51. Instead, he argues that a court exceeds its jurisdiction when it fails to comply with the statute's procedural requirements. Ames is mistaken, for " 'when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the judgment voidable, not void,' " *State ex rel. Romine v. McIntosh*, 162 Ohio St.3d 501, 2020-Ohio-6826, 165 N.E.3d 1262, ¶ 15, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *see also State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 656, 646 N.E.2d 1110 (1995) ("the fact that [a judge] may have exercised [her] jurisdiction erroneously does not give rise to extraordinary relief by prohibition").

{¶ 13} The text of R.C. 2323.51 specifies that a court has the authority to make a frivolous-conduct determination. Thus, even if Judge Ondrey erred by making that determination before holding a hearing, that action was an error in the exercise of jurisdiction, not an action in excess of jurisdiction.

{¶ 14} Because Judge Ondrey's application of R.C. 2323.51 is one that can be corrected on appeal, Ames has an adequate remedy in the ordinary course of the law that defeats his entitlement to the writ. *See Jones*, 168 Ohio St.3d 93, 2022-Ohio-2427, 195 N.E.3d 1031, at ¶ 10. Ames's claim that Judge Ondrey committed a due-process violation by misapplying R.C. 2323.51, which he weaves into his jurisdictional arguments, does not change the analysis. *See id.* (holding that the relator's deprivation-of-due-process claim was redressable by way of appeal).

{¶ 15} We reject Ames's second, third, and fourth propositions of law.

## III.  CONCLUSION

**{¶ 16}** Judge Ondrey did not patently and unambiguously exceed his jurisdiction.  We affirm the Eleventh District Court of Appeals' judgment.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

———————————

Brian M. Ames, pro se.

James R. Flaiz, Geauga County Prosecuting Attorney, and Linda M. Applebaum, Assistant Prosecuting Attorney, for appellee.

———————————