[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Watkins v. McNamara*, Slip Opinion No. 2025-Ohio-979.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-979

THE STATE EX REL. WATKINS, APPELLANT, *v*. MCNAMARA, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Watkins v. McNamara*, Slip Opinion No. 2025-Ohio-979.]**

*Prohibition—Writ cannot be issued against appellee-prosecutor because she does not exercise judicial or quasi-judicial power—Inmate not entitled to writ against appellee-judge because judge had subject-matter jurisdiction to rule on inmate's motion for final, appealable order and inmate had adequate remedy in ordinary course of law by appeal—Court of appeals' dismissal of petition affirmed.*

(No. 2024-0585—Submitted January 7, 2025—Decided March 25, 2025.)

APPEAL from the Court of Appeals for Lucas County, No. L-24-1015.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

**{¶ 1}** Appellant, Charles L. Watkins, an inmate at the North Central Correctional Complex, appeals the judgment of the Sixth District Court of Appeals dismissing his petition for a writ of prohibition against appellees, Lucas County Court of Common Pleas Judge Joseph V. McNamara and Assistant Prosecuting Attorney Lauren Carpenter. Additionally, Watkins filed a motion for judicial notice. For the reasons below, we deny his motion for judicial notice and affirm the dismissal.

## I. FACTS AND PROCEDURAL HISTORY

**{¶ 2}** In January 2024, Watkins filed a pro se petition for a writ of prohibition in the court of appeals. According to the petition, in August 2019, Watkins filed a motion for a final, appealable order in a 1985 criminal case in the Lucas County Court of Common Pleas. Carpenter opposed the motion, arguing that the common pleas court had issued a judgment entry that was consistent with the court's practice in 1985. Carpenter attached as an exhibit to her memorandum in opposition journal entries from the 1985 case. Judge McNamara denied Watkins's motion before the deadline for Watkins to file a reply. Judge McNamara attached to his decision separate, more legible copies of the journal entries that Carpenter had submitted.

**{¶ 3}** In his petition for a writ of prohibition, Watkins alleged that the exhibit Carpenter attached to her memorandum in opposition to Watkins's motion for a final, appealable order was fraudulent. He requested that the Sixth District grant him relief from Judge McNamara's judgment denying his motion for a final, appealable order and prohibit state prosecutors and judges of the Lucas County Court of Common Pleas from presenting or using false evidence in adjudicating his motion for a final, appealable order.

**{¶ 4}** On March 22, 2024, the Sixth District sua sponte dismissed Watkins's petition. The court concluded that even assuming that the journal entry was false and that Judge McNamara had erred in relying on it to deny Watkins's motion for a final, appealable order, Watkins was not entitled to a writ of prohibition. The court of appeals determined that a writ of prohibition could not be issued against Carpenter because she is not a judge and thus cannot exercise judicial power and that a writ of prohibition should not be issued against Judge McNamara because he had subject-matter jurisdiction over Watkins's motion and Watkins had an adequate remedy in the ordinary course of law in the form of an appeal.

**{¶ 5}** Watkins appealed to this court as of right. Watkins also filed a motion for judicial notice pursuant to Evid.R. 201.

## II. ANALYSIS

### A. We Deny Watkins's Motion for Judicial Notice

**{¶ 6}** In his motion, Watkins requests that we take judicial notice of certain facts that, according to him, can be determined from the exhibit that Carpenter submitted with the State's memorandum in opposition to Watkins's motion for a final, appealable order. Some of the purported facts concern Watkins's allegation that the exhibit reflects the docket of the Henry County Court of Common Pleas instead of the Lucas County Court of Common Pleas. Watkins also requests that we take judicial notice of the "facts" that the exhibit was a fraudulent document and therefore inadmissible, contained superimposed information from his trial in the Lucas County Court of Common Pleas to make the exhibit appear to have been issued by that court, and was "altered to make it appear as if Judge Kenneth A. Rohrs had signed a journal entry created in the Lucas County Court of Common Pleas." Watkins further requests that we judicially notice that Carpenter knew she was committing fraud when she submitted the exhibit.

**{¶ 7}** Because this is a direct appeal, we are generally limited to the record that was before the lower court. *See Morgan v. Eads*, 2004-Ohio-6110, ¶ 13 ("a

bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial").  Additionally, "[t]he only facts subject to judicial notice are those that are 'not subject to reasonable dispute.'"  *State ex rel. Arnold v. Gallagher*, 2018-Ohio-2628, ¶ 31, quoting Evid.R. 201(B).

{¶ 8} We deny Watkins's motion because the alleged facts that the document was fraudulent, inadmissible, and altered and that Carpenter committed fraud are subject to reasonable dispute and are not in the record that was before the court of appeals.  *See Morgan* at ¶ 13; *Arnold* at ¶ 31.

**B.  The Court of Appeals Did Not Err in Dismissing Watkins's Petition**

*1.  Standard of review*

{¶ 9} The Sixth District dismissed Watkins's petition sua sponte and without notice.  A court of appeals "may dismiss a complaint sua sponte if the complaint 'is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.'"  *State ex rel. Kerr v. Pollex*, 2020-Ohio-411, ¶ 5, quoting *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 14.  "Such a dismissal is appropriate only if, after presuming the truth of all material factual allegations of the petition and making all reasonable inferences in the claimant's favor, it appears beyond doubt that the claimant can prove no set of facts entitling him to the requested extraordinary relief in prohibition."  *Id.*  "When reviewing a sua sponte dismissal without notice, this court determines whether the appellant's claims are frivolous or obviously meritless."  *State ex rel. Boyd v. Tone*, 2023-Ohio-3832, ¶ 9.

{¶ 10} To be entitled to a writ of prohibition, Watkins must establish that (1) appellees are about to exercise or have exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) "denial of the writ would result in injury for which no adequate remedy exists in the ordinary course of law," *State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 6.  The third requirement need not be met if appellees patently and unambiguously lack jurisdiction.  *Id.*

*2. A writ of prohibition cannot be issued against Carpenter*

**{¶ 11}** Although he requested a writ of prohibition against Carpenter, Watkins argues that he added Carpenter to the caption of the petition only "as a co-conspirator, and not as a judicial officer." However, because Carpenter does not exercise judicial or quasi-judicial power as an assistant prosecuting attorney, it is not possible for a writ of prohibition to be issued against her. *See State ex rel. Gray v. Leis*, 62 Ohio St.2d 102, 103 (1980). Therefore, the Sixth District did not err in dismissing the prohibition claim against Carpenter sua sponte.

*3. Judge McNamara had jurisdiction over Watkins's motion*

**{¶ 12}** The Sixth District dismissed the prohibition petition as to Judge McNamara because Judge McNamara had jurisdiction over Watkins's motion for a final, appealable order and Watkins had an adequate remedy in the ordinary course of law once the motion was denied.

**{¶ 13}** Watkins was convicted of aggravated murder, a felony, in the Lucas County Court of Common Pleas after his case was transferred from the Henry County Court of Common Pleas at his request. Accordingly, as a judge of the Lucas County Court of Common Pleas, Judge McNamara had jurisdiction over Watkins's criminal case. R.C. 2931.03; *see State ex rel. Thompson v. Gonzalez*, 2024-Ohio-897, ¶ 13 (noting that a court of common pleas had subject-matter jurisdiction over criminal cases involving felonies); *see also* R.C. 2901.12(K) (providing for a change of venue to any court having jurisdiction over the subject matter if certain conditions are met).

**{¶ 14}** Here, Watkins does not argue that Judge McNamara lacked jurisdiction over his criminal case in general. Instead, he argues that Judge McNamara lacked subject-matter jurisdiction to rule on Watkins's motion for a final, appealable order because he exceeded his authority by conspiring with Carpenter to "commit fraud upon the court." Watkins cites *State ex rel. Novak, L.L.P. v. Ambrose*, 2019-Ohio-1329, in which we observed that a writ of prohibition

may be issued when a judge having general jurisdiction takes an action that exceeds the bounds of the court's statutory authority because a particular statute patently and unambiguously has divested the court of jurisdiction over that matter, *id.* at ¶ 13. However, Watkins does not point to any statute that divested the Lucas County Court of Common Pleas of jurisdiction to rule on his motion for a final, appealable order. Instead, regardless of how he has articulated the claim, Watkins takes issue with how Judge McNamara exercised his jurisdiction, and an error in the exercise of jurisdiction does not give rise to extraordinary relief in prohibition. *See Jones*, 2022-Ohio-2427, at ¶ 8.

   *4. Watkins had an adequate remedy in the ordinary course of law*

**{¶ 15}** Because Judge McNamara had jurisdiction to rule on Watkins's motion for a final, appealable order, Watkins must show that denial of the requested writ of mandamus "would result in injury for which no adequate remedy exists in the ordinary course of law," *Jones* at ¶ 6. However, Watkins had an adequate remedy in the ordinary course of law in the form of an appeal from Judge McNamara's judgment entry denying his motion for a final, appealable order. *See Schlegel v. Sweeney*, 2022-Ohio-3841, ¶ 8. Watkins asserts that he is not attempting to appeal on the merits of his case but instead to "attack the integrity of the court's (Judge McNamara's) judgment." However, he could have made the same arguments in an appeal.

**{¶ 16}** Because he had an adequate remedy in the ordinary course of law, it is obvious that Watkins cannot prove any set of facts entitling him to the requested extraordinary relief in prohibition. *See Jones* at ¶ 10-11. Accordingly, the Sixth District did not err in sua sponte dismissing Watkins's petition against Judge McNamara.

### III. CONCLUSION

**{¶ 17}** The court of appeals correctly dismissed Watkins's petition for a writ of prohibition because Assistant Prosecuting Attorney Carpenter could not

exercise judicial power, Judge McNamara had subject-matter jurisdiction to rule on Watkins's motion, and Watkins had an adequate remedy in the ordinary course of law in the form of an appeal. Therefore, we affirm the judgment of the Sixth District Court of Appeals. We also deny Watkins's motion for judicial notice.

Judgment affirmed.

————————————

Charles L. Watkins, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and Kevin A. Pituch and John A. Borell, Assistant Prosecuting Attorneys, for respondents.

————————————