[Cite as *State ex rel. Radic v. Rudary*, 2025-Ohio-5468.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. KATELYN RADIC, | CASE NO. 2025-A-0046 |
| Relator, | Original Action for Writ of Prohibition |
| - vs - | |
| MAGISTRATE MIRELA TURC RUDARY, | |
| Respondent. | |

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: December 8, 2025
Judgment: Petition dismissed

*David N. Patterson*, P.O. Box 1423, Willoughby, OH 44096, *Nicole A. Cruz* and *Kelley R. Tauring*, Stafford Cruz Law Co., L.P.A., North Point Tower, 1001 Lakeside Avenue, Suite 1300, Cleveland, OH 44114 (For Relator).

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon,* Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Respondent).

PER CURIAM.

{¶1}     Relator, Katelyn Radic, initiated this action on August 4, 2025, through her filing of an "emergency motion for writ of prohibition," which we have construed as a petition for a writ of prohibition. Radic's petition stems from an underlying custody matter in the Ashtabula County Court of Common Pleas, Juvenile Division. Respondent moves to dismiss under Civ.R. 12(B)(6), arguing that Radic fails to state a claim because the juvenile court has subject matter jurisdiction and Radic has adequate remedies at law via

Juv.R. 40 and direct appeal. For the reasons that follow, this court grants the motion to dismiss.

{¶2}     In Radic's petition, she maintains that the father of her minor child filed an emergency motion in the custody matter. An emergency hearing was set, at which Radic was ordered to appear with the child, on July 30, 2025. Radic arrived at the courthouse at the scheduled time without the child. Respondent ordered Radic's counsel to instruct Radic to go pick up the child and return to the courthouse. Radic alleges that, after she left the courthouse, respondent found her in "direct contempt" because Radic "did not affirm on a phone call with her attorney that she was returning with the child." Radic alleges that "[a]t that point, the [m]agistrate issued her [d]ecision, changing custody, and an order finding [Radic] in direct contempt, and ordering an arrest warrant to issue."

{¶3}     Based on respondent's actions in entering the magistrate's order and magistrate's decision, Radic requests this court issue a writ of prohibition to prevent respondent from exceeding her lawful jurisdiction and to avoid irreparable harm to Radic and her family.

{¶4}     In the motion to dismiss, respondent argues that this court should dismiss the petition for failure to state a claim under Civ.R. 12(B)(6). In support, respondent maintains that the juvenile court has general jurisdiction over custody disputes, any alleged errors are remediable through appropriate challenges under Juv.R. 40, and Radic may appeal after the trial court issues a final, appealable order.

{¶5}     A Civ.R. 12(B)(6) motion to dismiss a petition for a writ of prohibition tests the sufficiency of the petition. "Dismissal of [a] petition for a writ of prohibition pursuant to Civ.R. 12(B)(6) is proper if it appears beyond doubt, after presuming the truth of all

Case No. 2025-A-0046

material factual allegations in the petition and making all reasonable inferences in the relator's favor, that the relator is not entitled to extraordinary relief in prohibition." *State ex rel. Ames v. Ondrey*, 2023-Ohio-510, ¶ 8 (11th Dist.), citing *State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 5.

{¶6} "The purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." (Citation omitted.) *State ex rel. Tubbs Jones v. Suster*, 1998-Ohio-275, ¶ 5. "In order for a writ of prohibition to issue, the relator must prove that (1) the lower court is about to exercise judicial authority, (2) the exercise of authority is not authorized by law, and (3) the relator possesses no other adequate remedy in the ordinary course of law if the writ of prohibition is denied." *Id.* at ¶ 7, citing *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 178 (1994).

{¶7} However, the relator "need not establish the lack of an adequate remedy if he can show that the lack of jurisdiction is 'patent and unambiguous.'" *State ex rel. Elder v. Camplese*, 2015-Ohio-3628, ¶ 13, quoting *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 2013-Ohio-224, ¶ 11. "[T]his court has noted that if there are no set of facts under which a trial court or judge could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous." *State ex rel. Leatherworks Partnership v. Stuard*, 2002-Ohio-6477, ¶ 19 (11th Dist.). "On the other hand, if the court . . . generally has subject matter jurisdiction over the type of case in question and [its] authority to hear that specific action will depend on the specific facts before [it], the jurisdictional defect is not obvious and the court. . . should be allowed to decide the jurisdictional issue." (Citation omitted.) *Id.*

In summarizing the precedent on this point, this court stated:

Case No. 2025-A-0046

"The logic behind the foregoing proposition is that if a trial court possesses general jurisdiction over a particular subject matter, it should be allowed to determine its own jurisdiction. If that determination is legally incorrect, a party can challenge the court's decision through an appeal of the decision at that conclusion of the action at the trial level. It is only when a trial court does not have general jurisdiction over a subject matter that a writ of prohibition will lie; i.e., a lack of jurisdiction is only patent and unambiguous when the court's own findings, even if supported by the evidence, do not support the exercise of jurisdiction."

*Id.* at ¶ 20, quoting *State ex rel. Lee v. Trumbull Cty. Probate Court*, 1999 WL 744032, \*6 (11th Dist. Sept. 17, 1999).

{¶8} Here, in the motion to dismiss, respondent asserts that Radic does not dispute the juvenile court's subject matter jurisdiction over custody matters, and respondent argues that Radic has adequate remedies via Juv.R. 40 and an eventual appeal from a final judgment. We agree.

{¶9} "The juvenile court has exclusive original jurisdiction under the Revised Code," subject to divisions of the Revised Code that are not applicable here, "to determine the custody of any child not a ward of another court of this state . . ." R.C. 2151.23(A)(2). In Radic's petition, she states that respondent is attempting to exercise jurisdiction "despite lacking subject matter jurisdiction and/or acting outside the scope of lawful judicial authority." However, none of the allegations in the petition specifically address the subject matter jurisdiction of the juvenile court, and the allegations in the petition indicate the matter at issue involves a custody proceeding. Radic's alternative and conclusory position that the respondent lacks subject matter jurisdiction is insufficient to survive a motion to dismiss. *See Ames v. Geauga Cty. Republican Cent. Commt.*, 2023-Ohio-3689, ¶ 11 (11th Dist.); *Foy v. Ohio Dept. of Rehab. & Correction*, 2024-Ohio-1146, ¶ 11 (10th

Case No. 2025-A-0046

Dist.) ("In ruling on a motion to dismiss a complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief may be granted, the trial court is not required to accept unsupported legal conclusions as true even when cast as factual allegations." (Citations omitted.)).

{¶10} In her response in opposition to respondent's motion, Radic maintains that the motion to dismiss "fails to acknowledge the patent and unambiguous lack of jurisdiction to immediately issue a modification of the allocation of parental rights and responsibilities and/or issue an arrest warrant for Radic premised upon a finding of direct, 'civil' contempt without judicial approval." Thus, Radic argues that such matters must be decided through a magistrate's decision, which is not effective until approved by the trial court, instead of through a magistrate's order. *See* Juv.R. 40 (governing proceedings before magistrates in juvenile cases). *See also* Civ.R. 53 (governing proceedings before magistrates in civil cases).

{¶11} However, a similar argument was raised in *State ex rel. Goldschmidt v. Triggs*, 2024-Ohio-3225, ¶ 12-13. There, the Supreme Court of Ohio concluded that the erroneous issuance of a magistrate's order instead of a magistrate's decision is a procedural irregularity that is not jurisdictional in nature. *Id.* at ¶ 14. Accordingly, an allegation that a magistrate improperly issued an order is insufficient to demonstrate a patent and unambiguous lack of jurisdiction for purposes of defeating a motion to dismiss a prohibition action. *Id.* at ¶ 15.

{¶12} Construing all factual allegations as true, Radic's complaint fails to demonstrate a patent and unambiguous lack of jurisdiction. Therefore, to withstand respondent's motion to dismiss, the petition must sufficiently allege that Radic "possesses

no other adequate remedy in the ordinary course of law if the writ of prohibition is denied." *State ex rel. Tubbs Jones*, 1998-Ohio-275, at ¶ 7, citing *State ex rel. Keenan*, 69 Ohio St.3d at 178.

{¶13} As set forth above, Radic challenges the actions of respondent in her role as a magistrate of the juvenile court. Juv.R. 40 regulates proceedings before magistrates. Pursuant thereto, a party may file a motion to set aside a magistrate's order and request a stay of a magistrate's order pending ruling on the motion to set aside. Juv.R. 40(D)(2)(b). Further, with respect to a magistrate's decision, a magistrate's decision is not effective until adopted by the judge. Juv.R. 40(D)(4)(a). If the judge adopts the decision, timely filed objections automatically stay execution of the judgment. Juv.R. 40(D)(4)(e)(i). Radic did not reference the availability of the remedies available under Juv.R. 40 in her complaint, and none of her allegations demonstrate that these remedies are inadequate.

{¶14} Moreover, following the juvenile court's issuance of a final, appealable order, a direct appeal is available to Radic. In fact, Radic attempted an appeal directly from respondent's July 30, 2025 "[m]agistrate's [o]rder" and "[m]agistrate's [d]ecision." *Radic v. Sternadel*, 2025-Ohio-4527, ¶ 1 (11th Dist.). This court dismissed the attempted appeal for lack of a final, appealable order, noting that "nothing is preventing [Radic] from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action." *Id.* at ¶ 9.

{¶15} As adequate remedies exist, Radic's petition fails to state a claim upon which relief can be granted in prohibition and must be dismissed.

Case No. 2025-A-0046

{¶16} Accordingly, respondent's motion to dismiss is granted. Radic's petition for a writ of prohibition is dismissed pursuant to Civ.R. 12(B)(6) for failure to state a claim.

MATT LYNCH, J., EUGENE A. LUCCI, J., SCOTT LYNCH, J., concur.

# JUDGMENT ENTRY

For the reasons stated in the Per Curiam Opinion of this court, respondent's motion to dismiss is granted, and relator's petition for a writ of prohibition is dismissed.

Costs to be taxed against relator.

JUDGE MATT LYNCH,
concurs

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-A-0046